UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| J. CUMBY CONSTRUCTION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-00018 |
| | ) |
| MASTIN'S, INC. and | ) |
| FEDERATED MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court are two Motions filed by J. Cumby Construction, Inc. ("Cumby"): a Motion to Amend or Correct the Complaint (Doc. No. 16); and a Motion to Compel Arbitration (Doc. No. 22). Mastin's Inc. (Mastin's") opposes both Motions and has filed a Motion to Enjoin Arbitration, or in the Alternative, to Stay Arbitration Pending Judicial Determination of Arbitrability (Doc. No. 18). All of the Motions are related inasmuch as the Motion to Amend seeks to add a request for arbitration and nothing more. Because leave to amend should be granted freely, and federal law favors the enforcement of arbitration clauses, Cumby's Motions will be granted and Mastin's Motion will be denied.

### I.

This litigation arose out of a lawsuit filed by Ralph Gazaway on May 1, 2019, in the United States District Court for the Northern District of Alabama. Gazaway, a Mastin's employee, sued Cumby for injuries allegedly arising at a job site where Cumby was acting as the General Contractor. Cumby contends that Gazaway's injuries were the result of Mastin's negligence, either in whole or in part. Accordingly, Cumby requested that it be indemnified and a defense be provided by Mastin's

pursuant to a Subcontract Agreement between them. Mastin's refused, prompting Cumby to file suit against it and Federated Mutual Insurance Company ("Federated"). That suit – seeking indemnity and alleging breach of contract and bad faith – was filed in the Putnam County, Tennessee Circuit Court on February 13, 2020.

Federated removed the Putnam County case to this Court on March 19, 2020. On March 25, 2020, Mastin's filed an Answer (Doc. No. 13), setting forth several affirmative defenses, including res judicata, collateral estoppel, and issue preclusion. The next day, Federated filed its Answer and Counterclaim, contending that it has no obligations under its policy with respect to the Subcontract Agreement between Cumby and Mastin's.

On March 25, 2020, forty-two days after this lawsuit was filed, Cumby initiated arbitration proceedings against Mastin's on the same allegation and grounds asserted in these proceedings. The request for arbitration was based upon the following language in the Subcontract Agreement between Cumby and Mastin's:

> **25. DISPUTE RESOLUTION**. (a) Any and all claims and disputes relating to this Subcontract shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.
>
> (b) Any claim or dispute not settled by negotiation or mediation may, at the sole and exclusive discretion of Contractor be subject to litigation or arbitration to be held in Cookeville, Tennessee. Should Contractor elect to submit a dispute or claim to arbitration, all pending legal/equitable proceedings shall be stayed pending the outcome of arbitration. Any controversy or claim of which the Contractor decides to submit to arbitration shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ["AAA"], and judgment upon the award rendered by the Arbitrators may be entered in any Court having jurisdiction thereof.

(Doc. No. 18-3 at 13).

On April 6, 2020, Mastin's sent a letter to the AAA objecting to arbitration because Cumby had allegedly waived its right to arbitrate. The next day, Cumby moved to amend its complaint in this Court to add allegations that its dispute with Matin's was arbitrable. In doing so, Cumby claims that, through "a clerical mistake and inadvertence, the wrong Complaint" was filed in the Putnam Circuit Court, but Cumby did not realize the mistake had been made until shortly after removal. (Doc. No. 17 at 1).

## II.

Under the heading "Jurisdiction and Venue," Cumby seeks to add a paragraph to the Complaint that reads:

> 5. The Subcontract contains an enforceable arbitration agreement and [Cumby] specifically reserves and does not waive its right to resolve its dispute with Mastin['s] by arbitration. [Cumby] will be filing a separate demand for arbitration and will seek to stay this lawsuit pending the resolution of the arbitration.

(Doc. No. 16 at 5). Cumby also wants to insert the phrase (twice) "unless decided in the arbitration proceedings" in its Prayer for Relief. (Id. at 12-13). Mastin's objects.

Rule 15 of the Federal Rules of Civil Procedure provides that where, as here, a defendant has answered, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule also makes clear that "[t]he court should freely give leave when justice so requires." Id. "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." Seals v. Gen. Motors Corp., 546 F.3d 766, 770 (6th Cir. 2008) (citing Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir.2001)).

3

Mastin's argues that allowing Cumby to amend would be futile because Cumby has already waived its right to arbitrate by filing suit in this Court, and the belated assertion of that right does not relate back under Rule 15(c). According to Mastin's, a reservation of the right to arbitrate is not "a claim or defense . . . set out – or attempted to be set out – in the original pleading" as required by Rule 15(c)(1)(B), and the other subsections of that Rule – (c)(1)(A) and(c)(1)(C) – are inapplicable. Mastin's also argues that it will be prejudiced by the amendment because of the expenses it has incurred in defending this lawsuit to this point.

Mastin's arguments hinge on what this Court decides on the arbitration issue. It is, in other words, a zero sum game. Both waiver and prejudice are essential considerations in determining whether Cumby should be allowed to compel arbitration. Further, it matters not a bit whether the assertion of an arbitration "claim" relates back because Cumby is either allowed to force arbitration or it is not.

### III.

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete. 9 U.S.C. § 3.

There is strong federal policy in favor of arbitration of disputes. O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 356 (6th Cir. 2003); Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 205 F.3d 906, 911 (6th Cir. 2000). "Because of the strong presumption in favor of arbitration,

4

waiver of the right to arbitration is not to be lightly inferred." Glazer v. Lehman Bros., 394 F.3d 444, 450 (6th Cir. 2005) ; accord Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc., 350 F.3d 568, 573 (6th Cir. 2003). In fact, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983).

Despite the strong preference favoring arbitration, "a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" Hurley v. Deutsche Bank Tr. Co. Americas, 610 F.3d 334, 338 (6th Cir. 2010) (quoting O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 355 (6th Cir. 2003)). Both inconsistency and actual prejudice are required, Shy v. Navistar Int'l Corp, 781 F.3d 820, 828 (6th Cir. 2015), neither of which has been established here to the extent required by the case law on which Mastin's relies.

## A.

Noting that Cumby's claims against both Mastin's and Federated stem from the lawsuit Gazaway filed on May 1, 2019, and contending that Cumby was fully aware of its right to compel arbitration by virtue of the Subcontract Agreement, Mastin's argues that "Cumby's initiation of this lawsuit is completely inconsistent with the expectation that its claims against Mastin's will be arbitrated. By serving and filing the Complaint, Cumby agreed to litigate what may have otherwise been an arbitrable dispute." (Doc. No. 18-1 at 9). Furthermore (according to Mastin's), because Cumby acted inconsistent with its right to arbitrate, Mastin's has suffered prejudice occasioned by Cumby's delay. Specifically,

5

> [s]ince Gazaway's case was filed in May 2019, Cumby and Mastin's have attempted to resolve the indemnity issue informally as well as participated in mediation. Throughout this time, Cumby never mentioned arbitration. Instead, Cumby indicated an intent to resolve its claims against Mastin's with litigation.
>
> As a result of Cumby filing a Complaint in Tennessee state court, Mastin's incurred substantial legal expenses for its counsel to remove the case to federal court, obtain admission to this Court pro hac vice, and perform extensive legal research regarding Cumby's claims and defenses. Allowing Cumby to now rely on an arbitration clause that it took no action to enforce, and acted completely inconsistently with, would substantially prejudice Mastin's, both by further delaying resolution of this dispute and by the additional (and perhaps duplicative) costs that would be incurred.

(Id. at 9-10).

In support of its waiver position, Mastin's relies primarily on the Sixth Circuit's opinion in Johnson Assoc. Corp. v. HL Operating Corp. 680 F.3d 713 (6th Cir. 2012), and on AFS Logistics, LLC v. Cochran, No. 3:16-CV-3139, 2017 WL 4947512 (M.D. Tenn. Oct. 31, 2017), a decision by Magistrate Judge Barbara Holmes. Both cases are inapposite to the facts presented here.

Like most cases where the issue arises, Johnson involved the question of whether a defendant had waited too long in asserting a demand for arbitration. After discussing whether arbitration was an affirmative defense under Fed. R. Civ. P 8(c) and observing that "defendants routinely raise the right to arbitration in their answer, whether it is technically required by Rule 8 or not," 680 F.3d at 717, the Sixth Circuit wrote:

> [A] defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate. The filing of an answer is, after all, the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff; and the intent to invoke an arbitration provision is just such an issue.

Id. at 717. Even so, the Sixth Circuit did not find waiver and prejudice on that basis alone. To the contrary, not only had defendant failed to raise arbitration in its answer, defendant asserted a counterclaim for breach of contract, engaged in formal settlement negotiations and "actively

6

scheduled and requested discovery, including depositions," that resulted in the production by plaintiff of "1,151 pages of responsive documents and a 4.11 gigabyte hard drive full of responsive information." Id.

AFS Logistics involved the much rarer situation where a plaintiff is alleged to have waived arbitration. There, in concluding that waiver did occur, Magistrate Judge Holmes found:

> Plaintiff initiated this lawsuit, amended its complaint, participated in several conferences with the Court, engaged in extensive discovery, attempted a resolution through settlement discussions, responded to Defendants' motion to dismiss on the merits, and subjected itself to the Court's rulings on various matters. Both the parties and this Court have expended substantial time and resources on this case.

2017 WL 4947512, at *4. Even more pointedly, Magistrate Judge Homes observed:

> Only after months of litigation, including discovery, settlement attempts, and several contested motions did Plaintiff assert for the first time that the remaining claims in this case are arbitrable. Plaintiff even waited to file a motion to compel arbitration until after the Court had dismissed all but one of its eight asserted claims.
>
> There is no other reasonable interpretation of Plaintiff's untimely demand for arbitration than as a deliberate tactic to test the judicial waters but then, when those waters did not flow the direction Plaintiff intended, to change routes in hopes of finding a different current.

Id. at *6.

Apart from the failure to raise arbitration in the initial pleading filed by the party seeking to invoke arbitration, this case bears no resemblance to either Johnson or AFS Logistics. The only things of substance that occurred in the twenty days between removal and the Motion to Compel Arbitration were the filings of answers, business disclosure statements, and motions for admissions *pro hac vice*. The time and expense necessary to draft and submit those documents are hardly the sort of prejudice found to support waiver in Johnson and AFS Logistics.

7

Case 2:20-cv-00018   Document 32   Filed 05/04/20   Page 7 of 11 PageID #: 562

**B.**

Obviously, "[b]ecause the determination of whether a party waived its right to arbitrate depends on the particular facts and circumstances of each case, that Plaintiff may have done more or less than some other party in another case might be helpful, but is not determinative." AFS Logistics, 2017 WL 4947512, at *4. Here, Mastin's points to three factors supporting waiver and/or prejudice that apparently were not present in Johnson or AFS Logistics.

First, Mastin's notes that its Answer raises the affirmative defenses of res judicata and collateral estoppel. It then argues, without citation to authority, that "[c]ourts are bound by those doctrines," but "[a]n arbitrator . . . may not be bound by the legal and factual issues determined by the Alabama district court in Gazaway's lawsuit against Cumby[.]" Doc. No 18-1 at 1). That same concern, however, would exist even if Cumby had requested arbitration from the very start, right after Gazaway filed suit.

Regardless, "the circuits confronting the problem have held uniformly that arbitrators are bound by prior federal court decisions under the doctrines of collateral estoppel and/or res judicata, Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agr. Implement Workers, UAW, 97 F.3d 155, 159 (6th Cir. 1996), and this includes the Sixth Circuit. As stated in Aircraft Braking: "Arbitrators are not free to ignore the preclusive effect of prior judgments under the doctrines of res judicata and collateral estoppel, although they generally are entitled to determine in the first instance whether to give the prior judicial determination preclusive effect." Id. In other words, "[a]rbitrators [enjoy] the same broad discretion possessed by district courts." Collins v. D.R. Horton, Inc., 505 F.3d 874, 882 (9th Cir. 2007). Furthermore, arbitration awards are subject to being vacated when they are issued "in manifest disregard of the law." Merrill Lynch, Pierce, Fenner &

Smith, Inc. v. Jaros, 70 F.3d 418, 421 (6th Cir. 1995).

Second, Mastin's contends that, for ten months after the Gazaway case was filed, Cumby acted entirely inconsistent with the intent to arbitrate by (1) sending Mastin's a proposed Third-Party Complaint for indemnification (that was never filed); (2) mediating the case; and (3) entering into a "Stand-Sill and Tolling Agreement." Even so, Mastin's does not explain how these actions prejudiced it, or show that it took a different action than it otherwise would have taken. Delay alone is usually insufficient to find waiver. See Johnson, 680 F.3d at 721; Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 223 (3d Cir. 2007); Zuckerman Spaeder, LLP v. Auffenberg, 646 F.3d 919, 923 (D.C. Cir. 2011).

In any event, mediation was a "condition precedent to arbitration *or* the institution of legal or equitable proceedings" under the Subcontract Agreement. (Doc. No. 18-3 at 13) (emphasis added). Thus, Cumby had to mediate before it could arbitrate or litigate. Furthermore, while Mastin's reads the Stand-Still and Tolling Agreement" to only relate to litigation because it "reserve[s] the right to litigate at a later date," that same sentence indicates that the agreement was entered into "without waiver of any claim, argument, defense, or position" that the parties might have against each other. (Doc. No. 24-3 at 2). The tolling agreement also specifically provided that it "did not alter, amend and/or change the Subcontract Agreement" (id. at 3), which, of course, provided arbitration as an avenue for settling the dispute. Indeed, the Subcontract Agreement provides that "[s]hould the Contractor elect to submit a dispute to or claims to arbitration, all pending legal/equitable proceedings shall be stayed pending the outcome arbitration," (id.) suggesting, at the very least, that Cumby could file suit first, and then seek to stay the proceedings.

Third and finally, Mastin's complains that "the cause of Gazaway's injuries will be decided

9

in three forums: " (1) the Alabama district court in Gazaway's lawsuit against Cumby; (2) this Court as to Cumby's coverage claim against Federated; and (3) the arbitration of Cumby's indemnity claim against Mastin's." (Doc. No. 24 at 3). However, it is not as if all of the parties will be litigating the same issues in three different venues at the same time with the consequent wasted time and expense that would entail.

Mastin's is not a party to the Gazaway suit, and apparently can't be under Alabama law. See, Ala. Code 25-5-53 (providing that – with some exceptions not relevant here – "no employer shall be held civilly liable for personal injury to or death of the employer's employee . . . whose injury or death is due to an accident . . . while engaged in the service or business of the employer"). Federated is not subject to arbitration because it is not a party to the subcontract agreement. As for this case, it will be stayed while Cumby and Mastin's arbitrate, and it will resume thereafter only if necessary to resolve Cumby's claim that it is an additional insured under the policy issued by Federated to Mastin's. This does not suggest the type of delay resulting in prejudice "found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1366 (11th Cir. 1995).

To the extent Mastin's claims prejudice because "it will incur duplicative expenses" and Federated "has been paying half of Cumby's attorney's fees in the Alabama litigation," (Doc. No. 24 at 7), it suffices to note that "[p]rejudice does not refer to enforcing a bargained-for agreement, even where such enforcement will obligate a party to litigate in more than one forum," Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 229–30 (2d Cir. 2001), and "pretrial expense and delay—unfortunately inherent in litigation—without more, do not constitute prejudice

10

sufficient to support a finding of waiver," Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 26 (2d Cir. 1995) (collecting cases). Besides, "federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement," meaning that "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone, 460 U.S. at 20.

## IV.

For the foregoing reasons, Cumby's Motion to Amend or Correct the Complaint (Doc. No. 16) and its Motion to Compel Arbitration (Doc. No. 22) will be granted, while Mastin's Motion to Enjoin Arbitration, or in the Alternative, to Stay Arbitration Pending Judicial Determination of Arbitrability (Doc. No. 18) will be denied. This case will be stayed and administratively closed pending the completion of arbitration between Cumby and Mastin's.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE